XIU YUN CHEN, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 08–0954–ag.

United States Court of Appeals, Second Circuit.

June 2, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Ari Nazarov, Trial Attorney,

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED, that the petition for review is DENIED.

Petitioner Xiu Yun Chen, a native and citizen of the 16 People's Republic of China, seeks review of a February 12, 2008 order of the BIA denying her motion to reopen. *In re Xiu Yun Chen,* No. A77 053 661 (B.I.A. Feb. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Chen argues that the BIA erred by relying on its precedential decisions to summarily conclude that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen or her *prima*

Attorney General Michael B. Mukasey as respondent in this case.

*facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, contrary to Chen's argument, the BIA considered her particularized evidence and reasonably noted that it did not establish that similarly situated individuals would be forcibly sterilized. *See Jian Hui Shao,* 546 F.3d at 160–61.

The government contends that we lack jurisdiction to consider Chen's argument that she is eligible to file a successive asylum application; however, we assume hypothetical jurisdiction to consider the merits of her argument as the jurisdictional issues are complex and the substance of her arguments is plainly without merit. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 (2d Cir.2006). Indeed, the BIA's determination that Chen was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).